UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCHE L. HARRISON,

    Petitioner,

v.

GARY SWARTHOUT, Warden,

    Respondent.

Case No. 14-cv-01121-JST (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Marche L. Harrison, a prisoner at California State Prison – Solano, filed a pro se amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. He has paid the $5.00 filing fee.

## BACKGROUND

In 2011, an Alameda County Superior Court jury found petitioner guilty of residential burglary, residential robbery, forcible rape while acting in concert, forcible oral copulation while acting in concert, and possession of a firearm by someone previously convicted of a felony. The trial court found petitioner had one prior conviction for selling drugs, and two prior robbery convictions. Petitioner was sentenced to 107 years to life in state prison. The California Court of Appeal affirmed, and the California Supreme Court denied review. Petitioner did not seek habeas relief in state court. The instant action was filed on March 10, 2014.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner seeks federal habeas relief on the following claims:

1. The prosecution withheld a potentially exculpatory document showing that the Oakland Police Department had closed the case against petitioner more than two years prior to his arrest.

2. The prosecution failed to correct the false testimony of Oakland Police Officer Bergquist stating that the Oakland Police Department had maintained an open file against petitioner.

3. The trial court erred in replacing a deliberating juror with an alternate juror.

Liberally construed, petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

1. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
2    Court and serving it on respondent within **twenty-eight (28) days** of the date the answer is filed.

3    3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural
4    grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
5    Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the
6    Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight
7    (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on
8    petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

9    4. Petitioner is reminded that all communications with the Court must be served on
10   respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep
11   the Court informed of any change of address and must comply with the Court's orders in a timely
12   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
13   to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.
14   1997) (Rule 41(b) applicable in habeas cases).

15   5. Upon a showing of good cause, requests for a reasonable extension of time will be
16   granted provided they are filed on or before the deadline they seek to extend.

17   **IT IS SO ORDERED.**

18   Dated: July 9, 2014

     _____
     JON S. TIGAR
     United States District Judge